Argued and submitted March 22, reversed and remanded for reconsideration
September 4, 1991

In the Matter of the Compensation of
Kathlene R. Zimmerly, Claimant.

HOUSING AUTHORITY OF PORTLAND
and Liberty Northwest Insurance Corp.,
*Petitioners,*

*v.*

Kathlene R. ZIMMERLY,
*Respondent.*

(88-09124; CA A66672)

816 P2d 1179

Kenneth E. Bemis, Portland, argued the cause for petitioners. On the brief were Craig A. Crispin and Bullard, Korshoj, Smith & Jernstedt, Portland.

James L. Francesconi, Portland, argued the cause for respondent. With him on the brief was Francesconi & Associates, P.C., Portland.

Before Warren, Presiding Judge, and Joseph, Chief Judge, and Riggs, Judge.

WARREN, P. J.

## WARREN, P. J.

Employer seeks review of an order of the Workers' Compensation Board that affirmed the referee's decision that claimant's mental disorder is compensable. Employer is correct that the Board erroneously applied the "material contributing cause" test, rather than requiring claimant to prove that her work conditions were the major contributing cause of her mental disorder. *Aetna Casualty Co. v. Aschbacher,* 107 Or App 494, 812 P2d 844 (1991).

Because the issue may recur on remand, we also address employer's argument that the Board erred in concluding that the conditions causing claimant stress are not "conditions generally inherent in every working situation." ORS 656.802(2)(b).

Claimant has a history of mental illness from at least 1980, when she was diagnosed as major affective/major depressive after she attempted to commit suicide. Claimant began working for employer in 1981. Her job as a Service Coordinator for the housing program was to evaluate applicants, inspect housing and complete a large amount of paperwork. In 1987, in an accident unrelated to her work, she broke her thumb on her dominant hand, and she fell increasingly behind in her workload. She underwent surgery on the thumb, and her doctor released her for light duty work only. Employer assigned a secretary to do claimant's job until she was released to perform it again. The secretary moved into claimant's office, and claimant moved into his office. The secretary's office was some distance from the Service Coordinators' offices and had no telephone. Employer assigned claimant to work on property damage claims. Claimant felt completely incompetent to do that work, and on February 26, 1988, she left work, resolving to commit suicide. A co-worker warned claimant's therapist, and claimant was hospitalized and diagnosed as suffering a recurrent major depression and having a borderline personality disorder.

ORS 656.802(2) provides, in part:

"Notwithstanding any other provision of this chapter, a mental disorder is not compensable under this chapter:

"* * * * *

"(b) Unless the employment conditions producing the mental disorder are conditions other than *conditions generally inherent in every working situation* or reasonable disciplinary, corrective or job performance evaluation actions by the employer, or cessation of employment." (Emphasis supplied.)

The first question is whether the emphasized language refers to conditions present in every employment or only to conditions generally inherent in the particular claimant's job. The Board made the more universal reading. It found that the primary conditions causing claimant's mental disorder were the changes in her duties and workstation. It concluded that, because those conditions were stressful and were not generally inherent in every working situation, claimant's mental disorder is compensable. Accordingly, it did not address whether the other stressful conditions were also inherent in every work situation.[1]

■     This is the first appellate court opinion to interpret ORS 656.802(2)(b), which was added to the statute in 1987 as part of House Bill 2271.[2] Or Laws 1987, ch 713, § 4. We believe that the language of the statute is clear and that the Board correctly understood the meaning of the phrase "generally inherent in every working situation." The legislature intended to preclude claims for mental disorders that arise from conditions that are common to all employments. Mental disorders resulting from other employment-related causes remain compensable.

■     The Board correctly understood the statute, but its order does not adequately explain why the conditions here, that is, changes in claimant's duties and workstation, are not generally inherent in every employment situation.[3]

---

[1] We reject employer's contention that the conditions causing claimant's mental disorder did not "exist in a real and objective sense," ORS 656.802(2)(a), because her perception that she was going to be fired had no basis in fact. The Board found that the primary causes of her mental disorder were her job reassignment and the relocation to a different office. Those were real events.

[2] *Sibley v. City of Phoenix,* 107 Or App 606, 813 P2d 69 (1991), deals with ORS 656.802(1).

[3] The Board stated:

"We conclude that claimant's displacement from her office and her duty changes are claimant's primary stressors. We further conclude that these are not 'conditions generally inherent in every working situation.' Thus, without decid-

Reversed and remanded for reconsideration.

---

ing whether claimant's other stressors are inherent in every work situation, we find that the office and duty changes, alone, were a material cause of claimant's depressive disorder. As a result, claimant's claim does not come within the scope of the exclusion for conditions generally inherent in every working situation. Furthermore, the insurer has not maintained that claimant's office and duty changes were reasonable disciplinary, corrective or job performance evaluation actions by the employer."