In the Matter of the Compensation of
Kathleen M. Payne, Claimant.

## CITY OF PORTLAND,
*Petitioner,*

*v.*

## KATHLEEN M. PAYNE,
*Respondent.*

(88-14535; CA A66838)

816 P2d 1219

David L. Jorling, Deputy City Attorney, Portland, argued the cause and filed the brief for petitioner.

Victor Calzaretta, Portland, argued the cause and filed the brief for respondent.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

PER CURIAM

## PER CURIAM

Employer seeks review of the Workers' Compensation Board's order reversing the referee in part and holding that claimant's mental stress condition is compensable. We agree with the Board's interpretation of ORS 656.802(2)(b)[1] and its conclusion that the phrase "generally inherent in every working situation" means "usually present in all jobs and occupations." *Housing Authority of Portland v. Zimmerly,* 108 Or App 596, 816 P2d 1179 (1991). The Board held, however, that in order to establish a mental disorder under ORS 656.802(1)(b), claimant need only show that her employment materially contributed to her mental disorder. We reverse and remand the case for reconsideration in the light of *Aetna Casualty Co. v. Aschbacher,* 107 Or App 494, 812 P2d 844 (1991).

Reversed and remanded for reconsideration.

---

[1] At the relevant time, ORS 656.802(2)(b) provided, in part:

"Notwithstanding any other provision of this chapter, a mental disorder is not compensable under this chapter:

"* * * * *

"(b) Unless the employment conditions producing the mental disorder are conditions other than conditions inherent in every working situation."