Argued and submitted May 17, 1991, affirmed January 15, 1992

In the Matter of the Compensation of
Karin E. Hoechlin-Cogburn, Claimant.

Karin E. HOECHLIN-COGBURN,
*Petitioner,*

*v.*

U-LANE-O CREDIT UNION
and SAIF Corporation,
*Respondents.*

(WCB 89-01135; CA A66908)

823 P2d 451

Christine Jensen, Eugene, argued the cause for petitioner. On the brief were Dale C. Johnson and Malagon, Moore & Johnson, Eugene.

John T. Bagg, Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Dave

Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Joseph, Chief Judge, and Richardson* and Deits, Judges.

JOSEPH, C. J.

---

* Richardson, J., *vice* Newman, J., deceased.

## JOSEPH, C. J.

Claimant seeks review of an order of the Workers' Compensation Board that affirmed the referee and denied her mental stress claim. We affirm.

Claimant is a 34-year-old credit union loan officer. She had post-traumatic stress disorder, stemming from an armed robbery at another credit union where she had earlier worked. She began to work for employer in October, 1986. While there, Boone, another loan officer, played practical jokes on her and gossiped about her. Claimant felt compelled to please her co-workers, especially Boone, but was unable to. In the spring of 1988, she complained of headaches, diarrhea, chest and upper left arm pain, insomnia and anxiety. In July, Dr. Gascoyne, a psychologist, prescribed anti-depressants. In August, Dr. Bond, an osteopath, authorized a 1-month medical leave. After claimant returned, she was pressured to participate in a skit at a weekend retreat for employees and later had a verbal encounter with another co-worker. She submitted her resignation on October 28. Thereafter, the symptoms of her preexisting psychological condition returned to their normal lesser frequency.

The Board concluded that claimant did not prove by clear and convincing evidence that her work is a material contributing cause of her psychological condition.[1]

Claimant assigns as error that the Board determined that stressful employee relationships are not properly considered to be a risk of employment. However, the Board did not determine that. It *did* determine that

"Boone's treatment of claimant was stressful largely because of claimant's inordinate desire to please Boone. This fact persuades us that claimant's relationship with Boone is not the type of association inseparable from the workplace that is properly considered to be a risk of employment. *See SAIF v. Noffsinger*, 80 Or App 640 [, 723 P2d 358] (1986)."

Even if we assume that claimant's conflicts with Boone and others caused her stress and were within the scope of her

---

[1] Neither party argued that the proper analysis for claimant's claim was whether her work had caused her pre-existing psychological condition to worsen.

employment, we agree with the Board that she did not prove her claim.

In *Aetna Casualty Co. v. Aschbacher*, 107 Or App 494, 812 P2d 844, *rev den* 312 Or 150 (1991), we held that, to establish a claim under ORS 656.802(1)(c), a claimant must prove that the work was the major contributing cause of an occupational disease. For the reasons stated in that case, we hold that, to establish a mental stress claim under ORS 656.802(1)(b), a claimant must prove by clear and convincing evidence that her work was its major contributing cause. *Semble*: *City of Portland v. Payne*, 108 Or App 771, 816 P2d 1219 (1991), *rev den* 312 Or 588 (1992). Claimant has a pre-existing post-traumatic stress disorder and chronic neurotic depression. While working for employer, symptoms of those conditions occurred more frequently and she complained of other symptoms. However, Dr. Holland, a psychiatrist, noted that claimant herself attributed many of her problems to off-work events. While she was working for employer, her father-in-law and her pet died, her parents contemplated divorce, she had gum surgery, her husband had health problems and she had weight loss and other health problems. Holland concluded that her work contributed to but was not the major cause of her mental stress.

The Board concluded that claimant failed to prove by clear and convincing evidence that her work was a *material* contributing cause of her condition. That was the wrong standard. However, it follows from the Board's conclusion that she also failed to sustain the major contributing cause burden.

Affirmed.