Argued and submitted November 8, 1991, affirmed January 22, 1992

In the Matter of the Compensation of
Katherine E. Thrash, Claimant.

Katherine E. THRASH,
*Petitioner,*

*v.*

CITY OF SWEET HOME
and SAIF Corporation,
*Respondents.*

(89-15930; CA A69468)

825 P2d 289

Ralph E. Wiser, III, Portland, argued the cause for petitioner. With him on the brief was Bennett & Durham, Portland.

David L. Runner, Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Claimant seeks review of an order of the Workers' Compensation Board affirming the referee's decision that she is not entitled to benefits for a mental disorder under the provisions of ORS 656.802(1)(b).[1]

Claimant worked as a police officer for the City of Sweet Home. In 1986, she developed a condition that doctors thought was probably multiple sclerosis. Her doctor released her for work driving an ambulance in July, 1986. In March, 1988, she became a full-time dispatcher, employed by the Police Department. Her duties included dispatching for police, fire and ambulance calls. The referee found that the conditions of claimant's employment, including the intimidating management style of the Chief of Police, gave rise to stress beyond that generally inherent in every working situation. There is substantial evidence to support that finding.

On May 12, 1989, claimant received a call from a doctor, requesting an ambulance for a 90-year-old patient who was comatose. She neglected to dispatch an ambulance until more than an hour later, when the doctor called a second time. The patient responded well to treatment, but claimant experienced great emotional distress after the incident, primarily due to her concern that she might be subject to severe

---

[1] ORS 656.802 provides, in part:

"(1) As used in this chapter, 'occupational disease' means:

"* * * * *

"(b) Any mental disorder arising out of and in the course of employment and which requires medical services or results in physical or mental disability or death.

"* * * * *

"(2) Notwithstanding any other provision of this chapter, a mental disorder is not compensable under this chapter:

"(a) Unless the employment conditions producing the mental disorder exist in a real and objective sense.

"(b) Unless the employment conditions producing the mental disorder are conditions other than conditions generally inherent in every working situation or reasonable disciplinary, corrective or job performance evaluation actions by the employer, or cessation of employment.

"(c) Unless there is a diagnosis of a mental or emotional disorder which is generally recognized in the medical or psychological community.

"(d) Unless there is clear and convincing evidence that the mental disorder arose out of and in the course of employment."

discipline. On the advice of her union representative, she did not report the incident to her supervisor. A few days later, the Chief received a letter from the doctor complaining about the incident, and he instigated an investigation. Claimant, unaware of the investigation, continued to work, experiencing stress. She consulted her neurologist, who recommended that she seek psychological treatment.

On June 1, 1989, claimant's supervisor notified her of the investigation and possible disciplinary action. On June 13, 1989, she received a copy of a memorandum from her supervisor to the Chief, recommending several charges of misconduct and a disciplinary hearing. On June 14, claimant told her neurologist that she was under great stress at her job and was facing a disciplinary hearing. The Chief conducted a hearing on June 16 and, on June 20, he decided in writing that claimant had committed misconduct. Claimant does not recall whether she received a copy of that document at that time.

On June 23, claimant filed her claim with City, alleging psychological and physical difficulties, including headaches, insomnia, memory lapses and emotional outbursts. On June 27 or June 28, Dr. Sanders diagnosed claimant's condition as an adjustment disorder with mixed emotional features, "with behavior primarily characteristic of an individual under intense emotional pressure with moderate symptoms of anxiety and depression."

On June 28, claimant was advised that, as discipline for her misconduct in failing to dispatch an ambulance on May 12, she would "be suspended without pay for an equivalent of three days. This suspension will be administered by reducing your monthly pay for the month of July in an amount equal to the three days pay." Claimant understood that as a suspension by which she would be required to work three days without pay. She did not return to work after June 24, and she was later fired because of the unexcused absence.

Dr. Turco examined claimant at SAIF's request. He concluded that she does not have a diagnosable psychological condition, although she does have some work-related stress

arising from her relationship with the Chief and the disciplinary action, particularly the expectation of punishment for the May 12 incident. SAIF denied the claim.

■ The Board found that claimant suffers from an adjustment disorder and that she has experienced real stress in her employment. It concluded, however, that her condition is not compensable as an occupational disease under ORS 656.802(1)(b), because claimant had not established that her employment was *a material contributing cause* of her mental disorder. In *Hoechlin-Cogburn v. U-Lane-O Credit Union*, 110 Or App 577, 823 P2d 451 (1992), we held that, in order to establish a compensable occupational disease under ORS 656.802(b), a claimant must show that the employment is the *major* contributing cause of the disease. *See Aetna Casualty Co. v. Aschbacher*, 107 Or App 494, 812 P2d 844, *rev den* 312 Or 150 (1991). We need not remand this case to the Board for reconsideration, however, if there is substantial evidence to support the Board's decision that the employment was not a material contributing cause of the condition, because that would be a determination that claimant had failed to meet a lesser standard of proof than required by *Aschbacher* and *Hoechlin-Cogburn*.

■ In reaching the conclusion that claimant's condition is not compensable, the Board relied on the opinion of Turco that the disciplinary aspects of the May incident, particularly the suspension without pay, were a significant factor in causing claimant's stress. It also found that, even apart from the specific discipline ultimately imposed, the disciplinary process in general was a significant factor in claimant's need for treatment. The Board concluded that, as reasonable discipline, those circumstances were excluded from its consideration by ORS 656.802(2)(b) and found that claimant had not established by clear and convincing evidence that her mental disorder arose out of her employment. If the Board was correct it could not consider the disciplinary action that there is substantial evidence to support the Board's finding.

Claimant contends, however, that the actual discipline imposed, which she characterizes as "three days work without pay," was unlawful and therefore unreasonable *per se*, and that the Board should have considered the stress resulting from it in its determination. The Board found that

the actual discipline imposed was a reduction in pay, which claimant understood to be three days work without pay.

We are not persuaded by claimant's arguments that the discipline imposed was unlawful as forced labor without compensation. Although the Chief's memorandum could have been a source of confusion, in that it characterized the discipline as a "suspension without pay for an equivalent of three days," it went on to state that the "suspension" was to be implemented by a reduction in pay "in an amount equal to the three days pay." The record supports the Board's finding that the discipline imposed was a reduction in pay for the month. There is no contention that that form of discipline is unlawful. Neither does claimant contend that the discipline imposed was excessive.

Affirmed.