Argued and submitted February 13, affirmed May 13, 1992

In the Matter of the Compensation of
Leo G. Campbell, Claimant.

SAIF CORPORATION
and St. Vincent de Paul,
*Petitioners,*

*v.*

Leo G. CAMPBELL,
*Respondent.*

(WCB 89-18636; CA A69988)

830 P2d 616

Thomas E. Ewing, Assistant Attorney General, Salem, argued the cause for petitioners. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Michael A. Gilbertson, Portland, argued the cause for respondent. With him on the brief was Hollis C. Ransom, Portland.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

## EDMONDS, J.

Employer seeks review of a Workers' Compensation Board order that held claimant's mental disorder claim compensable under ORS 656.802(1)(b).[1] The Board held that the stressful conditions that caused claimant's illness were the result of conditions other than those generally inherent in every working situation. ORS 656.802(2)(b).[2] We affirm.

The Board found:

"Claimant suffered a bipolar manic depressive psychotic episode, the cause or worsening of which arose out of and in the course of his employment at St. Vincent de Paul. That diagnosed mental disorder is generally recognized in the medical community and it required medical treatment and resulted in disability.

"Employment conditions which existed in a real and objective sense and which contributed to claimant's mental disorder included harassment and badgering by severely mentally handicapped workers because claimant did not bring in business accounts which provided them paid work, the lack of a job description for a new job to which claimant was promoted, pressure to increase sales, inability to take time off work in May 1989, and responsibilities at the [Portland Rose Festival Indianapolis car] races in June 1989.

"The conditions which resulted in claimant's disabling mental disorder were not conditions generally inherent in

---

[1] We cite the statute as amended in 1987. Or Laws 1987, ch 713, § 4. It provided, in part:

"(1) As used in this chapter, 'occupational disease' means:
"* * * * *
"(b) Any mental disorder arising out of and in the course of employment and which requires medical services or results in physical or mental disability or death."

The statute was again amended in 1990. Or Laws 1990, ch 2, § 43.

[2] ORS 656.802(2) provides, in part:

"Notwithstanding any other provision of this chapter, a mental disorder is not compensable under this chapter:
"* * * * *
"(b) Unless the employment conditions producing the mental disorder are conditions other than conditions generally inherent in every working situation * * *."

That subsection was renumbered (3) by the 1990 revision. Or Laws 1990, ch 2, § 43.

every working situation. Conditions which were not disciplinary, corrective or job performance evaluation actions and which were not associated with the cessation of employment, materially contributed to claimant's mental disorder."

It then held that the legislature has delegated to it the responsibility for evaluating the evidence concerning the working conditions experienced by a particular worker in the light of its expertise, without the need for evidence regarding working conditions generally. Accordingly, it concluded:

"The record supplies detailed evidence about the conditions of claimant's work. We are persuaded that those conditions are not common to all jobs. All occupations do not usually involve working with demanding mentally retarded persons. All jobs do not usually require the worker to take responsibility for the total sales of an organization or require the worker to greatly increase productivity within a short period of time. All jobs do not usually preclude the taking of time off during stressful periods."

Employer argues that the Board erroneously supplied evidence by "going outside the record" to determine what work conditions are generally inherent in every working situation. It also argues that the Board erred when it concluded that the stressful conditions of claimant's work were not usually present in all jobs or occupations without evidence in the record to support that conclusion.

■ When the legislature enacted ORS 656.802(2)(b), it set out a legal standard against which the facts of each case must be measured. Although evidence can show whether particular conduct in fact fails the legal standard, the standard itself is not established by evidence. *Ross v. Springfield School Dist. No. 19*, 300 Or 507, 516, 716 P2d 724 (1986). Under the statute, the Board is authorized to develop the standard, that is, what "conditions [are] generally inherent in every working situation," either by formal rulemaking or on a case-by-case basis. *Trebesch v. Employment Division*, 300 Or 264, 710 P2d 136 (1985).

■ The Board has chosen to refine the legal standard announced in ORS 656.802(2)(b) on a case-by-case basis. *See Housing Authority of Portland v. Zimmerly*, 108 Or App 596, 816 P2d 1179 (1991). When it concluded that all working

situations do not involve the conditions that caused claimant's mental disorder, it did not supply evidence, but simply further developed the standard set out in ORS 656.802(2)(b). That is all that it had to do.[3] Accordingly, we affirm.

Affirmed.

---

[3] In the light of our conclusion that "conditions generally inherent in every working condition" are not a matter of evidence, we need not address the alternative argument relating to official notice. We also note that employer has not argued that the Board's interpretation of the statute is inconsistent with the legislature's intent, see *Springfield Education Assn. v. School Dist.*, 290 Or 217, 621 P2d 547 (1980), or that it inadequately explained why claimant's working conditions are not common to all employments. *See Housing Authority of Portland v. Zimmerly, supra*, 108 Or App at 598.